United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO NUNO,<br>Plaintiff,<br>v.<br>HAMM, et al.,<br>Defendants. | Case No. 26-cv-05995-HSG<br>**ORDER OF PARTIAL SERVICE; GRANTING REQUEST TO BE EXCUSED FROM COMPLIANCE WITH GENERAL ORDER NO. 76**<br>Re: Dkt. No. 3 |

Plaintiff, an inmate housed at California Mens' Colony in San Luis Obispo, California, has filed a *pro se* action pursuant to 42 U.S.C. § 1983 regarding events that took place at Pelican Bay State Prison ("PBSP"). Now before the Court for review under 28 U.S.C. § 1915A is Plaintiff's complaint, Dkt. No. 2; and his request to be excused from the requirement to file his case-initiating documents by electronic mail. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Motion to be Excused from Electronic Filing Requirement (Dkt. No. 3 at 1)**

Plaintiff has requested that he be excused from the electronic filing requirement, stating there is no scanning system available at California State Prison – Solano and that the only way to transmit any documentation to any court is by postal mail. Dkt. No. 3 at 1. The Court GRANTS the request for the reasons set forth below.

On February 25, 2026, Plaintiff filed in the Eastern District of California a civil rights complaint, an *in forma pauperis* motion, and a request to be excused from the electronic filing requirement. Dkt. Nos. 1-3. In the complaint and *in forma pauperis* motion, Plaintiff listed a return address of San Quentin State Prison. Dkt. No. 1 at 1; Dkt. No. 2 at 1. In support of his *in forma pauperis* motion, Plaintiff attached two trust account statements from San Quentin State Prison: (1) a statement dated January 2, 2026 showing transactions from October 1, 2025 to November 21, 2025; and (2) a statement dated December 15, 2025, showing transactions from June 1, 2025 to November 21, 2025. Dkt. No. 1 at 3-4. However, on his request to be excused from the electronic filing requirement, Plaintiff listed a return address of California State Prison – Solano in Vacaville, California. Dkt. No. 3 at 1.

On March 13, 2026, the deputy clerk for the Eastern District updated Plaintiff's address to California State Prison – Solano pursuant to a Notice of Change of Address filed in Plaintiff's

other case in the Eastern District of California. Dkt. No. 5. On March 18, 2026, the Eastern District ordered that this action be transferred to this District. Dkt. No. 6. On June 18, 2026, the case was transferred to this District. Dkt. No. 7. On June 18, 2026, court staff updated Plaintiff's address to California Men's Colony, which was Plaintiff's current address according to the California Department of Corrections and Rehabilitation ("CDCR")'s online inmate locator, CDCR California Incarcerated Records and Information Search ("CIRIS").

On June 19, 2026, the CDCR filed Plaintiff's trust account statement with the Court, which indicated that prior to of February 14, 2026, Plaintiff was housed at San Quentin State Prison; as of February 14, 2026, Plaintiff was housed at California State Prison – Solano; and as of May 21, 2026, Plaintiff was housed at California Men's Colony. As of the date of this Order, the CIRIS lists Plaintiff as housed at California Men's Colony. *See* CDCR California Incarcerated Records and Information Search, https://ciris.mt.cdcr.ca.gov/ (last visited Sept. 10, 2026).

The Northern District of California's General Order No. 76 ("GO 76") imposes an electronic filing requirement on certain *pro se* prisoner plaintiffs who are proceeding *in forma pauperis*. If the prisoner-plaintiff is in CDCR custody and housed at certain CDCR institutions designated by the Clerk of the Court, the prisoner-plaintiff must submit his case-initiating documents for civil rights cases via electronic mail through designated CDCR staff. N.D. Cal. General Order 76 ("GO 76"). Despite what Plaintiff listed on his complaint and *in forma pauperis* application, Plaintiff was housed at California State Prison – Solano at the time he initiated this action. Plaintiff is currently housed at California Men's Colony. Inmates housed at California State Prison – Solano and California Men's Colony are not subject to the electronic filing requirements set forth in General Order No. 76. *See* United States District Court Northern District of California, Forms for Prisoners, https://cand.uscourts.gov/rules-forms-fees/forms/forms-prisoners (last visited Sept. 10, 2026). The Court therefore finds good cause exists to excuse Plaintiff from GO 76's electronic filing requirement. The Court GRANTS Plaintiff's request for leave to file his case-initiating documents by postal mail, Dkt. No. 3 at 1; and EXCUSES Plaintiff from the electronic filing requirement set forth in GO 76.

//

**C. Complaint**

Plaintiff initiated this action by following the following three documents in the Eastern District of California: (1) a motion to proceed *in forma pauperis*, Dkt. No. 1; (2) a seven-page civil rights complaint on a complaint form, Dkt. No. 2; and (3) a 26-page document which consists of a one-page motion to be excused from electronic filing, Dkt. No. 3 at 1 and a 27-page complaint that is composed of a four-page narrative and twenty-two (23) pages of exhibits, Dkt. No. 3 at 2-28. It appears that Plaintiff intends for his complaint to be the combination of Dkt. No 2 and Dkt. No. 3 at 2-28. However, there can only be **one** operative complaint on the docket and the Court will not piece together causes of actions from different pleadings. The Court presumes that Dkt. No. 2 is the operative complaint as it is on the complaint form, is signed under penalty of perjury, and lists the relief requested. The Court therefore screens only Dkt. No. 2. If Plaintiff seeks to have Dkt. No. 3 at 2-28 be considered part of the operative complaint, he must file an amended complaint that includes everything he wishes to include, such as legal claims, defendants, allegations, and exhibits.

The operative complaint (Dkt. No. 2) names as defendants Pelican Bay State Prison (“PBSP”) correctional officers Hamm, Spier, Curry, Maciel, Garcia, Kammeier, and Schmidt. Dkt. No. 2 at 1-3. The operative complaint makes the following allegations. On January 20, 2025, Plaintiff was assaulted and robbed by violent inmates in the living dorm. Plaintiff sustained visible injuries from this attack. Plaintiff reported the attack and his injuries to nurses. However, defendants Speir and Currey ordered defendants Hamm and Maciel to drag Plaintiff back to the living dorm. Defendants Hamm and Maciel used excessive force in dragging Plaintiff back. Defendant Hamm threw Plaintiff to the ground, causing a scar and redness to his face. Defendant Garcia was present and aware of these events and “assisted.” Plaintiff had told correctional officers that returning to the living dorm would put his life in danger, that he would be attacked again, and that this “would be a court case.” Defendant Hamm then fabricated a rules violation report (disciplinary report) falsely accusing Plaintiff of kicking him in the knee to justify his use of force. Defendants Garcia, Maciel, Kammier, and Schmidt submitted reports in Incident Report 101885 in retaliation for Plaintiff’s statement that returning him to the living dorm would be a

court case. Plaintiff received the reports days after the incident. Weeks later, because staff lost his property, Plaintiff requested a second copy of the reports and it is clear that second copy has been altered and fabricated as certain portions of the reports now have blank spaces, but did not previously. Plaintiff seeks punitive, nominal, and compensatory damages, and any other relief that the Court determines reasonable. *See generally* Dkt. No. 2.

**D. Order of Partial Service**

Liberally construed, the complaint states the following cognizable claims. The complaint's allegation that defendants Speir, Curry, Ham, Maciel, and Garcia returned Plaintiff to the living dorm right after he had been attacked by other inmates in that location states a cognizable Eight Amendment claim for deliberate indifference to inmate safety. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (Eighth Amendment requires prison officials to take reasonable measures to protect prisoners from violence at hands of other prisoners). The complaint's allegation that defendants Hamm and Maciel used excessive force on Plaintiff in returning him to the living dorm, and that defendant Garcia stood by and allowed the use of excessive force states a cognizable Eighth Amendment excessive force claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (Eighth Amendment is violated when "prison officials maliciously and sadistically use force to cause harm"); *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (Eighth Amendment protects against deliberate use of excessive and unjustified force). The complaint's allegation that defendant Hamm issued a rules violation report that falsely accused Plaintiff of kicking him in the knee in retaliation for Plaintiff warning him that returning Plaintiff to the living dorm was a court case states a cognizable First Amendment retaliation claim. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.") (footnote omitted).

The complaint does not state a First Amendment retaliation claim against defendants Garcia, Maciel, Kammier, and Schmidt. It is unclear how Incident Report 101885 and the later

altered Incident Report 101885 were adverse to Plaintiff. Because it appears that Plaintiff could correct these deficiencies, the Court GRANTS Plaintiff leave to amend the First Amendment retaliation claim against defendants Garcia, Maciel, Kammier, and Schmidt. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citation and internal quotation marks omitted).

**CONCLUSION**

For the reasons set forth above, the Court ORDERS as follows.

1. The following defendant(s) shall be served: Pelican Bay State Prison correctional officers Speir, Curry, Ham, Maciel, and Garcia.

2. Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has

not waived service. The Clerk also shall provide the USMS a copy of the CDCR Report of E-Service Waiver.

3. As detailed above, the complaint states the following cognizable claims: an Eighth Amendment deliberate indifference to inmate safety claim against defendants Speir, Curry, Ham, Maciel, and Garcia; an Eighth Amendment excessive force claim against defendants Ham, Maciel, and Garcia; and a First Amendment retaliation claim against defendant Hamm.

4. The Court DISMISSES the First Amendment retaliation claim against Garcia, Maciel, Kammier, and Schmidt, but GRANTS Plaintiff leave to amend this claim. If Plaintiff wishes to amend this claim, he must file an amended complaint within twenty-eight (28) days of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 26-cv-05995 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, including the claims found cognizable above and the defendants ordered served above. Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in this action proceeding only on the claims found cognizable above and only against the defendants ordered served above. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

5. The Court DISMISSES defendant Kammier and Schmidt from this action at this time because there are currently no cognizable claims stated against these defendants.

6. To expedite the resolution of this case, the Court orders as follows:

a. No later than 91 days from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must inform the Court prior to the date the motion is due. A motion for summary judgment also must be

accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

c. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

7. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v.*

---

[1] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

*Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

8. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

10. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

11. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 10/21/2026

Haywood S. Gilliam, Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge